**BANK OF CALIFORNIA, N. A., v. INTERNATIONAL MERCANTILE MARINE CO. (Action No. 2).**

**No. 309.**

Circuit Court of Appeals, Second Circuit.

April 3, 1933.

Breed, Abbott & Morgan, of New York City (Hugh S. Williamson and Edward A. Craighill, Jr., both of New York City, of counsel), for libelant.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City (John L. Galey, of New York City, of counsel), for International Mercantile Marine Co.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The questions which are presented on this appeal are similar to those presented in suit No. 1 (same title) decided this day. 64 F.(2d) 97. This involves different shipments. The same shipper, Columbia Salmon Company, shipped one consignment of 23 tierces of salmon on the steamship Manchuria, which sailed from New York May 8, 1920, and arrived in Hamburg May 20, 1920, and 456 tierces of salmon on the steamship Mongolia, which sailed from New York May 22, 1920, and arrived in Hamburg June 3, 1920. Both shipments were made from New York on steamship bills of lading issued to the Columbia Salmon Company and consigning the goods to its order at Hamburg, "notify J. Lindenberger"; the latter being the proposed purchaser or receiver of the consignment. The bills of lading were attached to the drafts for the invoice price plus freight and insurance. The drafts were drawn by the Columbia Salmon Company at Seattle on Nordisk Laxe, a subsidiary of J. Lindenberger. No advances were made by the appellant bank in connection with the shipment, nor was it designated as consignee. The drafts were delivered to the bank at Seattle for collection together with bills of lading, and were sent to a Hamburg bank for that purpose. The Columbia Salmon Company became a bankrupt, and the appellant claimed an interest in the documents by

virtue of a general hypothecation agreement as part security for loans in connection with the shipper's business. There was delay in transporting the consignment to the port of New York and further delay in the ocean transit. It is conceded that the consignment was misdelivered.

The bill of lading issued by the steamship company contained the same clause as to notice of claim as that involved in suit No. 1. It required notice to be given "within five days after the steamer or lighter finished discharging." The appellee did not notify the carrier before February 9, 1921, and the bills of lading were not presented and the identity of the owner made known until March 1, 1921, more than eight months after the arrival of the shipment. No claim was made prior to the beginning of the suit on both causes of action in February, 1922. This was one year and nine months after the misdelivery. The Manchuria, carrying the 23 tierces, was fully discharged on June 1, 1920, and the Mongolia, carrying the 456 tierces, was not fully discharged until June 12. The misdelivery of both shipments occurred on June 4, when J. Lindenberger was given a delivery order for the goods. Appellee was given five days after the completion of the discharge of the steamer for giving notice of claim.

Since the holder of the bill of lading made no inquiry respecting the goods until February, 1921, and since no claim was made as stated, the rule of law is applicable as announced in appeal No. 1. With the application of that rule here, the decree must be for the appellant because a notice was not served within a reasonable time as required by the terms of the bill of lading.

Decree reversed.